**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT PIKEVILLE**

**CIVIL ACTION NO. 04-442-DLB**

**RAY J. PARSONS**                                                                             **PLAINTIFF**

vs.                                **MEMORANDUM OPINION & ORDER**

**JO ANNE B. BARNHART, Commissioner**
**SOCIAL SECURITY ADMINISTRATION**                            **DEFENDANT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Ray J. Parsons filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) payments on December 28, 2001. (Tr. 234-38) Plaintiff, who was 53 years old at the time of the hearing, has a fifth grade formal education. He alleges a disability onset date of February 15, 1999, due to neck, back, leg, and foot pain; arthritis; poor vision and hearing; shortness of breath; poor circulation; hiatal hernia; depression, anxiety, and nerves; memory problems; chronic stomach pain and swelling; muscle spasms; obesity; chronic fatigue and insomnia. (Tr. 238) His applications were denied initially (tr. 212-15) and on reconsideration (tr. 217-19). Plaintiff then requested a hearing before an administrative law judge, which hearing was held on December 17, 2002,

in Prestonsburg, Kentucky. (Tr. 429-64) By written decision dated April 22, 2003, the ALJ ruled that Plaintiff was not under a disability and so was not eligible for DIB or SSI payments. (Tr. 175-82) This decision was approved by the Appeals Council on October 16, 2004. (Tr. 167-69)

The instant action was filed on December 13, 2004. It has now culminated in cross motions for summary judgment.

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments, or combination thereof, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers

of other jobs exist in the national economy which the claimant can perform.  As to the last step, the burden of proof shifts from the claimant to the Commissioner.  *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. (Tr. 177)  At Steps 2 and 3, the ALJ found that Plaintiff has severe impairments of musculoskeletal problems, depressive disorder, borderline intellectual functioning, and hearing difficulties. (*Id.*)  The ALJ concluded, however, that Plaintiff does not have an impairment or combination of impairments that meet or medically equal any listed impairment found in Appendix 1 to Subpart P of Regulations No. 4.  (*Id.*)

At Step 4, the ALJ found that Plaintiff had the physical residual functional capacity (RFC) to perform a significant range of work at the light exertion level, being able to lift and carry up to twenty pounds occasionally and ten pounds frequently; walk, stand or sit for up to six hours in a workday, with only occasional bending, crouching, stooping, and climbing ramps and stairs. (Tr. 178) He also found Plaintiff to be restricted from machinery hazards due to his hearing impairment. (*Id.*)  Nonexertionally, due to his depressive disorder and borderline intellectual functioning, the ALJ found Plaintiff to be moderately limited in his ability to maintain attention and concentration for extended periods and respond appropriately to changes in work settings, though capable of understanding and recalling

simple material, maintaining the medical [*sic*] effort[1] to complete tasks, relate adequately to others, and handle routine work situations. (*Id.*) Because Plaintiff's past work as a trash collector and an installer of water well supplies were performed above the light level of exertion, the ALJ determined that, even with his RFC, Plaintiff was unable to perform this past relevant work. (Tr. 179)

The ALJ therefore proceeded to the final step of the sequential evaluation. At Step 5, the ALJ found that there are light and sedentary jobs existing in significant numbers in the national economy that Plaintiff could perform, including assembly worker and hand packer at the light level, and assembly and inspector jobs at the sedentary level. (Tr. 180) This conclusion resulted from testimony by a vocational expert ("VE"), in response to hypothetical questions involving a person of Plaintiff's age, education, past relevant work experience, and RFC. (Tr. 461-62)

**C.   Analysis**

Plaintiff raises one challenge in his appeal. He argues that the decision was not supported by substantial evidence because the ALJ failed to explain why he did not adopt the opinion of Dr. Stuart Cook, which opinion conflicted with the ALJ's RFC finding.

The Kentucky Division for Disability Determinations referred Plaintiff to Dr. Cook for psychometric testing. (Tr. 361-66) In the "Capabilities and Functional Restrictions" portion of Dr. Cook's March 28, 2002, report, he remarks that

---

[1] This portion of the ALJ's RFC determination was based upon the findings of the state agency non-examining consultant, whose findings actually were that Plaintiff is able to maintain the *mental* effort needed to complete tasks. (Tr. 383) The hypothetical presented by the ALJ to the VE also referred to the *mental*, not medical effort needed. (Tr. 461)

> Mr. Parsons would seem capable of understanding and comprehending straight forward directions. His preoccupation with his somatic functioning and complaints of depression and generally poor mood may impair his ability to carry them out in an efficient manner.

(Tr. 366) Plaintiff submits that this comment by Dr. Cook constitutes an opinion from a medical source that conflicts with the nonexertional RFC assessed by the ALJ and, therefore, that the ALJ was obligated by SSR 96-8p to explain why this opinion was not adopted, which he failed to do.

Plaintiff's argument is simply not well-taken. Dr. Jane Brake completed a Psychiatric Review Technique (tr. 367-80) and Mental Residual Functional Capacity Assessment (tr. 381-84) in follow up to Dr. Cook's consulting examination. Dr. Brake's opinions were relied upon by the ALJ in determining Plaintiff's nonexertional limitations. (Tr. 178) She opined that Mr. Parsons was moderately limited in his ability to maintain attention and concentration for extended periods (tr. 381) and to respond appropriately to changes in the work setting (tr. 382). She also found him

> A. Able to understand and recall material.
> B. Able to maintain the mental effort needed to complete tasks.
> C. Able to relate to others.
> D. Able to handle routine situations.

(Tr. 383) Her opinions were arrived at based upon her review of the record, including the examination report of Dr. Cook. In this respect, Dr. Brake specifically expressed that "[t]he examining opinion is consistent with the evidence, is given great weight and is adopted." (*Id.*)

That the ALJ considered Dr. Cook's findings and conclusions in conjunction with his review of the overall record is evidenced by the ALJ's reference to Dr. Cook's opinions in the written decision. (Tr. 177) Contrary to Plaintiff's contentions, no further discussion or

5

explanation from the ALJ was necessary, as Dr. Cook's opinions did not conflict with the RFC. Dr. Cook's comment to the effect that Plaintiff's ability to carry out straightforward directions efficiently may be impaired is not a definitive restriction or limitation, but rather a relative consideration. Contrary to being in conflict with the RFC, the ALJ's conclusion that work directions must be simple and routine, and that Plaintiff can maintain the mental effort to complete such simple, routine work is not at variance with Dr. Cook's efficiency concerns, but in consideration of them. The Court is not persuaded that SSR 96-8p is implicated in this case or that the ALJ's consideration of the medical source opinion evidence cannot thereby constitute substantial evidence to support his findings.

### III. CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #10) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #11) is hereby **GRANTED**.

A judgment affirming this matter will be entered contemporaneously herewith.

Dated this 13th day of February, 2006.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-04-442-ParsonsMOO.wpd

6